**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TOLEKSIS BIIN TUTORA,**

                      **Plaintiff,**

   vs.                                                                                  9:10-cv-207
                                                                        (MAD/TWD)

**CORRECTIONAL MEDICAL CARE, INC.;**
**MICHAEL PARSONS; DR. BUTT; and**
**JOHANNA LOVELL, R.N.,**

                      **Defendants.**
_____

**APPEARANCES:**                                              **OF COUNSEL:**

**TOLEKSIS BIIN TUTORA**
425 Robinson Street
Binghamton, New York 13904
Plaintiff *pro se*

**SMITH, SOVIK, KENDRICK & SUGNET, P.C.**   **DANIEL R. RYAN, ESQ.**
250 South Clinton Street
Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendants Correctional Medical
Care, Inc. and Michelle Parsons

**MARULLI, LINDENBAUM, EDELMAN &**        **RICHARD O. MANNARINO,**
**TOMASZEWSKI, LLP**                                      **ESQ.**
5 Hanover Square, 4th Floor
New York, New York 10004
Attorneys for Defendant Lovell


**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      In a civil rights complaint dated February 21, 2010, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical/dental needs while he was incarcerated at the Broome County Correctional Facility. *See* Dkt. No. 1 at 2. On September 23, 2011, Defendant

Lovell filed a motion for summary judgment. *See* Dkt. Nos. 41. On September 26, 2011, Defendant Correctional Medical Care, Inc. ("CMC") and Defendant Parsons filed their motion for summary judgment. *See* Dkt. No. 42. Plaintiff did not respond to either motion.

On April 30, 2012, Magistrate Judge Dancks issued a Report-Recommendation in which she recommended that the Court grant the motions for summary judgment, *sua sponte* dismiss Defendant Biondollilo,[1] *sua sponte* dismiss the claims against Defendant CMC, and, in the alternative, dismiss the action for failure to comply with court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Dkt. No. 52 at 2.

Currently before the Court is Magistrate Judge Dancks' Report-Recommendation, to which neither party has objected.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

---

[1] As Magistrate Judge Dancks noted in her Report-Recommendation, the "Dr. Butt" to whom the complaint refers is actually Dr. Biondollilo, not Dr. Butt.

2

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed Magistrate Judge Dancks' April 30, 2012 Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Dancks correctly recommended that the Court should grant the pending motions for summary judgment, *sua sponte* dismiss the claims against Defendants CMC and Biondollilo, and, in the alternative, dismiss the action for failure to comply with court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure. Magistrate Judge Dancks properly determined that Plaintiff has not provided the Court with any

facts justifying his failure to exhaust his administrative remedies and that, notwithstanding this failure, Plaintiff has failed to submit evidence demonstrating that any of the individual Defendants were deliberately indifferent to his serious medical needs. Moreover, Magistrate Judge Dancks also correctly found that, since Plaintiff has failed to establish a violation of his constitutional rights, Defendant CMC cannot be held liable under a municipal liability theory. *See* Dkt. No. 52 at 16-17. Finally, the Court finds that this case is also properly dismissed, in the alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute this case for over seven months and his failure to communicate to the Court or to Defendants that he has changed his address. *See id.* at 18. Prior to dismissal, Magistrate Judge Dancks provided Plaintiff with adequate notice that his failure to notify the Court of any new address would result in the dismissal of this action. *See id.*; *see also* Dkt. No. 6.[2]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' April 30, 2012 Report-Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motions for summary judgment (Dkt. Nos. 41 and 42) are **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith; and the Court further

---

[2] The Court notes that all mail sent to Plaintiff over the last seven months at the address he provided to the Court has been returned without a forwarding address.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 23, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge